UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWSTAR CHEMICALS (M) SDN BHD., a Malaysian private limited company, NEWSTAR HOLDINGS PTE LTD., a Singaporean private limited company, and RANDALL HART<br><br>Plaintiffs,<br><br>v.<br><br>MEGOLA, INC., a Nevada Corporation, JOEL GARDNER, and DOES 1 through 500,<br><br>Defendants. | ECF Case<br><br>11 Civ. 3101 (PKC/RLE)<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/11

Upon the declarations of Randall Hart, Stephen Conboy and Maxim H. Waldbaum, Esq., and the exhibits annexed thereto, and upon the accompanying Memorandum of Law, it is hereby

**ORDERED** that Defendants Megola, Inc. and Joel Gardner, show cause before the Honorable P. Kevin Castel, U.S.D.J., at Room 12C, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on Thursday May 26, 2011, at 11 o'clock A.m., or as soon thereafter as counsel may be heard, why an order, in the form attached hereto, should not be entered enjoining Defendants during the pendency of this action from: (1) asserting – in communications with Plaintiffs' customers, through press releases, or through any other means – that Defendants are authorized to manufacture or distribute Hartindo AF21; (2) exercising or claiming

ownership of any trademark rights in the "Hartindo AF21," "Hartindo Anti-Fire 21," "Anti-Fire 21," "AF21" or "Hartindo Anti-Fire" marks; and it is further

~~**ORDERED** that, sufficient reason having been shown therefore, including Plaintiffs' showing that they will likely suffer irreparable harm in the absence of temporary restraints, and Plaintiffs' showing of a likelihood of success on their assertions that Defendants lack manufacturing, distribution or trademark rights with respect to Hartindo AF21, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants are temporarily restrained and enjoined from: (1) asserting – in communications with Plaintiffs' customers, through press releases, or through any other means – that Defendants are authorized to manufacture or distribute Hartindo AF21; (2) exercising or claiming ownership of any trademark rights in the "Hartindo AF21," "Hartindo Anti-Fire 21," "Anti-Fire 21," "AF21" or "Hartindo Anti-Fire" marks; and it is further~~

~~**ORDERED** that Plaintiffs are not required to post a bond or other security; and it is further~~

**ORDERED** that answering papers, if any, must be served on Plaintiffs' counsel, Maxim H. Waldbaum, Schiff Hardin LLP, 666 Fifth Avenue, 17th Floor, New York, New York 10022, by overnight mail on or before _May 25_, 2011 by noon; and it is further

with cou. kay copy to Judge Castel's Chambers

Although counsel were told they had to appear and they had to notify opponent, Counsel have not appeared, but have sent a non-attorney. If they wanted a TRO — the TRO is being entered — the papers showing is not sufficient and no candidate here to address the court.

-3-

**ORDERED** that a copy of this Order and the papers submitted by Plaintiffs in connection therewith shall be served on Defendants by overnight mail on or before _____, 2011.

Defendant Megala is advised that, as a corporation, it MUST appear through counsel and CANNOT appear by an officer or "pro se." Failure to appear by counsel will constitute a default.

_Colle K K_
Hon. _____
United States District Judge

Dated: New York, New York
Issued: 5/20/2011

NY\50977812.1

-3-